UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
DAYTON, OHIO

**PETER H. HEINS, (INDIVIDUALLY),** and
**PETER H. HEINS, ADMINISTRATOR**
Of the Estate of Clayton Michael Heins,

   Plaintiff,

v.

**COMMERCE AND INDUSTRY INSURANCE COMPANY, AIG AEROSPACE INSURANCE SERVICES, Inc.,** and **AIG AEROSPACE ADJUSTMENT SERVICES, INC.,**

   Defendants.

Case No. 3:17-cv-00110

Lower Court Case No. 17-CV-00111

---

Konrad Kuczak (0011186)
Trial Attorney for Plaintiff
130 West Second Street, Suite 1010
Dayton, OH  45402-1588
(937) 228-8363
(937) 228-0520 (Fax)
Emailyour_lawyer@sbcglobal.net

JAFFE RAITT HEUER & WEISS, P.C.
By:  Scott R. Torpey (0081561)
Attorneys for Defendants
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
(248) 351-3082 (Fax)
storpey@jaffelaw.com

---

## NOTICE OF REMOVAL

  PLEASE TAKE NOTICE that Defendants Commerce and Industry Insurance Company, AIG Aerospace Insurance Services, Inc., and AIG Aerospace Adjustment Services, Inc. (collectively "AIG"),[1] by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1367(a), hereby remove the state court action entitled *Peter H. Heins, et al. v. Commerce and Industry Insurance Company dba AIG (Aerospace Insurance Services), et al.*,

---

[1] In the state court action, Plaintiff incorrectly named the AIG Defendants as follows: Commerce and Industry Insurance Company dba AIG (Aerospace Insurance Services), and AIG Aerospace Adjustment Services, Inc.

Case No. 17 CV 00111, from the Common Pleas Court of Darke County, Ohio, to the United States District Court for the Southern District of Ohio, Western Division at Dayton, Ohio.

I.   **INTRODUCTION**

On or about March 6, 2017, Plaintiff Peter H. Heins, individually and as the administrator of the estate of Clayton Michael Heins ("Plaintiff"), filed suit in the Common Pleas Court of Darke County, Ohio, against AIG. (**Ex. A**: Plaintiff's Complaint.) Plaintiff's Complaint contains six claims for relief: 1) estoppel from asserting any rights to refrain from defending and paying the claims asserted against Plaintiff in the sixth cause of action in an underlying case, *Shank v. Heins*, Case No. 17 CV 0001 in the Darke County Common Pleas Court (the "Underlying Case"); 2) bad faith in refusing to provide coverage and a defense in the Underlying Case; 3) per the terms of the AIG Aviation Insurance Contract, Policy No. LP 006364456-01 (the "Policy") (copy attached to the Complaint as Exhibit A), AIG is required to defend and pay the claims alleged in the Underlying Case; 4) estoppel from denying coverage and a providing a defense in the Underlying Case due to the subject aircraft having been wrongfully deprived from Plaintiff, and bad faith for the rejection of Plaintiff's claim for physical damage to the subject aircraft, refusal to provide coverage for the bodily injury and death of the passenger in the subject aircraft, and withdrawal from defending Plaintiff in the Underlying Case; 5) bad faith for rejecting Plaintiff's claim for total physical loss of the subject aircraft; and 6) reimbursement for funeral and burial costs advanced on behalf of the estate of Clayton Michael Heins, the withholding of which was in bad faith. (*Id.*, ¶¶ 15-27.)

AIG issued the Policy to Plaintiff (individually) for insurance coverage of Plaintiff's 1947 Piper PA-11 aircraft, FAA Registration No. N4910M (the "Aircraft") with an effective coverage period of April 15, 2016 to April 15, 2017. (*Id.*, ¶ 5.) On September 14, 2016, Plaintiff

alleges that the Aircraft was wrongfully deprived from him and that the Aircraft crashed, killing Clayton Michael Heins and Jacob Andrew Turner (the "Accident"). (*Id.*, ¶ 6.) On September 22, 2016, Plaintiff alleges he requested from AIG a defense, pursuant to the Policy, to any claims that might be asserted against him relating to the Accident, and requested the value of the Aircraft stated in the Policy. (*Id.*, ¶ 7.) The same day, Plaintiff alleges that AIG informed him that it had established a claim file to investigate the Accident under a reservation of rights without prejudice to the Policy. (*Id.*, ¶ 9, copy of the AIG letter attached to Complaint as Exhibit B.) On January 3, 2017, the Underlying Case was filed against Plaintiff alleging reckless and negligent entrustment of the Aircraft to the deceased occupants of the Aircraft. (*Id.*, ¶ 10.) On January 24, 2017, Plaintiff alleges AIG informed him that it would accept defense only of the sixth cause of action in the Underlying Case under the terms of the Policy. (*Id.*, ¶ 12, AIG letter attached to Complaint as Exhibit C.) On February 21, 2017, Plaintiff alleges that counsel retained by AIG (not the undersigned counsel) filed an answer on behalf of Plaintiff in the Underlying Case contesting the sixth cause of action. (*Id.*, ¶ 13.) On February 22, 2017, Plaintiff alleges AIG notified Plaintiff that it was rejecting Plaintiff's claims for physical damage of the Aircraft, not providing coverage for bodily injury and death of decedent Turner, and not providing Plaintiff with a defense in the Underlying Case. (*Id.*, ¶ 14.)

Plaintiff seeks injunctive and monetary relief, including but not limited to:

- A permanent injunction requiring AIG to provide Plaintiff with a defense to the claims in the sixth cause of action asserted against him in the Underlying Case;

- As an alternative to the injunctive relief, reimbursement for the reasonable attorney fees and costs incurred in the defense of the claims in the sixth cause of action asserted against him in the Underlying Case;

- Indemnification and payment of all the claims in the sixth cause of action asserted against him in the Underlying Case, up to $110,000;

- $50,000 in damages to the Aircraft and interest from September 24, 2016;

- Punitive damages in an amount in excess of $25,000;

- Plaintiff, as administrator, seeks judgment against AIG in the amount of $10,000 with interest; and

- Reasonable attorney fees and costs

(*Id.*, pp. 6-7.)

## II.   DIVERSITY JURISDICTION

28 U.S.C. § 1441(a) authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . ." Original jurisdiction of this action exists pursuant to 28 U.S.C. §§ 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

### A.   The Jurisdictional Amount in Controversy is Satisfied

#### 1.   The Amount in Controversy Plead by Plaintiff Exceeds $75,000

The removing party bears the burden of showing by a preponderance of the evidence that the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332 of $75,000 has been met, exclusive of interest and costs. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). "Generally, the amount claimed by the plaintiff in the complaint rules, as long as claimed in good faith, and '[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) (citation omitted). Here, Plaintiff pleads an amount in controversy that easily satisfies the $75,000 threshold. (**Ex. A**, pp. 6-7.) Plaintiff seeks $50,000 for damage to the Aircraft, in excess of $25,000 in punitive damages, $10,000 judgment in favor of the estate, up to $110,000 indemnification and payment of claims from the Underlying Case, and an unspecified amount for fees and costs in providing a defense to Plaintiff

4

in the Underlying Case. (*Id.*) Accordingly, Plaintiff has plead an amount in controversy that exceeds the jurisdictional amount of $75,000.

### 2. Punitive Damages Must Be Included in the Amount in Controversy

There is no question that punitive damages are included in the calculation of the amount in controversy, unless it can be shown to a "legal certainty" that such damages are not recoverable. *Hayes*, 266 F.3d at 572; *Wood v. Stark Tri-Cty. Bldg. Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973) ("It is clear that punitive as well as compensatory damages claimed by plaintiff are to be considered in the determination of whether the requisite jurisdictional amount is actually in controversy." (citing *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943)). The "legal certainty" test does not require a defendant to prove that the plaintiff has a meritorious claim or will be successful on the claim. *See Kovacs v. Chesley*, 406 F.3d 393, 396 (6th Cir. 2005) ("In the amount in controversy context, 'most courts have found a legal certainty that more than the jurisdictional amount could not be recovered only where the applicable state law barred the *type of damages* sought by the plaintiff.'" (quoting *Wood*, 473 F.2d at 274; *Wood* court's emphasis)). Where "case state law at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement." *Id.* at 397.

Although Plaintiff does not specifically identify which of his claims for relief his request for punitive damages is based on, it is of no consequence because Plaintiff alleges that nearly all of AIG's actions were conducted in bad faith. (**Ex. A**, ¶¶ 18, 23, 25, 27.) Ohio courts permit punitive damages based on claims of bad faith. *See Dardinger v. Anthem Blue Cross & Blue Shield*, 2002-Ohio-7113, ¶ 174, 98 Ohio St. 3d 77, 102, 781 N.E.2d 121, 143 ("Ohio law has clearly established that insurers can be liable in compensatory and punitive damages if they act

5

in bad faith."). Plaintiff has requested punitive damages *in excess* of $25,000. However, even if Plaintiff had limited his punitive damages' request to just $25,000, adding $25,000 to the plead amount of compensatory damages (e.g., $50,000 for the Aircraft, $10,000 for the estate, etc.) still exceeds $75,000. Accordingly, the Court must include at least $25,000 in plead punitive damages to the total amount in controversy, which when added to the plead compensatory damages, exceeds $75,000.

### 3. The Jurisdictional Minimum Amount in Controversy is Satisfied Even Without the Plead Amount of Punitive Damages

Even if the plead amount of punitive damages were somehow not included in the total amount in controversy (which AIG adamantly denies), the amount in controversy still exceeds $75,000. Plaintiff pleads specified amounts of $50,000 for the Aircraft and $10,000 for the estate, for a total of $60,000. (**Ex. A**, pp.6-7.) The remaining $15,001 needed to exceed $75,000 is easily derived from three other plead categories of relief: 1) up to $110,000 for indemnification or payment of the claims in the Underlying Case; 2) reimbursement of legal defense fees and costs in the Underlying Case; and 3) a permanent injunction requiring AIG to provide Plaintiff with a defense in the Underlying Case. (*Id.*, p. 6.)[2]

When a plaintiff, as here, pleads an unspecified sum or nonmonetary relief, defendant may assert the amount in controversy and "'removal . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (quoting 28 U.S.C.

---

[2] The relief of reimbursement of the legal fees and costs in the Underlying Case and the permanent injunction for a defense in the Underlying Case are sought in the alternative. (**Ex. A**, p. 6.) Therefore, the monetary value of the legal fees and costs cannot be combined with the monetary value of the injunction for purposes of determining the amount in controversy. However, the monetary value of either one of these can and must be combined with the request of up to $110,000 for indemnification or payment of claims in the Underlying Case. (*Id.*)

1146(c)(2)(B)); *see also Brown v. AmSouth Bank*, No. 15-5468, 2016 WL 4271874, at *3 (6th Cir. Mar. 23, 2016) (same). Therefore, AIG asserts at least $15,001 as the value of the sought damages of up to $110,000 for indemnification or payment of the claims in the Underlying Case *together* with the monetary value of legal fees and costs for providing a defense in the Underlying Case (by way of reimbursement or permanent injunction). When this $15,001 (or more) figure is combined with the $60,000 specified damages for the Aircraft and estate, the amount in controversy exceeds $75,000 even if the requested punitive damages are not included.

Any argument by Plaintiff that the unspecified nature of these two damages claims (i.e., the qualifier "up to" $100,000 for the indemnification, and the unspecified amount of legal fees and costs for the Underlying Case) means that less than $15,001 could be recovered together, let alone separately, from these claims should be rejected because the potential low end of an open-ended damages claim is not the measure used for calculating the amount in controversy. *See Crooks v. State Farm Mut. Auto. Ins. Co.*, No. 2:15-CV-2234, 2015 WL 8602519, at *3 (S.D. Ohio Dec. 14, 2015) ("The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." (citation omitted)), *report and recommendation adopted*, No. 2:15-CV-2234, 2016 WL 680827 (S.D. Ohio Feb. 18, 2016). It would be preposterous to assert that the reasonable value of the indemnity claim of up to $110,000 together with the monetary value of the legal fees and costs for defending claims in the Underlying case (through either reimbursement or injunction) is less $15,001 for purposes of determining the amount in controversy. Accordingly, it is more likely than not that the jurisdictional amount in controversy requirement of more than $75,000 is met in this case regardless of whether the amount requested for punitive damages is included.

B.     **Complete Diversity of Citizenship Exists**

There is complete diversity of citizenship among Plaintiff (individually and as administrator) and Defendants under 28 U.S.C. § 1332(a)(1). Plaintiff does not plead his residency or the residency of his decedent son, Clayton Michael Heins. *See* 28 U.S.C. § 1332(c)(2) (a representative of an estate of a decedent is deemed a citizen of the State of the decedent). However, the Complaint's caption identifies an Ohio address for Plaintiff as does the Policy. (**Ex. A**, and the Policy, p.1, attached as Ex. A to the Compl. (showing address as 711 Dull Rd, Arcanum, OH 45304).) The Darke County Sheriff's Office Report, Incident No. 16-2272, which pertains to the Accident, identifies Clayton Michael Heins as living at the same address. (**Ex. B**: Sheriff's Report, p. 35.) Therefore, both Plaintiff and decedent are and were Ohio residents.

At all relevant times, Defendant Commerce and Industry Insurance Company was incorporated in the State of New York with its principal place of business located at 175 Water St., New York, NY 10038 (the address of which Plaintiff correctly identifies in the Complaint caption (**Ex. A**)). At all relevant times, Defendant AIG Aerospace Insurance Services, Inc. and Defendant AIG Aerospace Adjustment Services, Inc. were incorporated in the State of Georgia with their principal places of business located at Northpark Town, 1200 Abernathy Road, N.E., Building 600, Atlanta, Georgia 30328 (the address of which Plaintiff incorrectly identifies in the Complaint caption as located in Illinois (**Ex. A**)). Plaintiff does not plead that any of the Defendants' places of incorporation or principal places of business are located in Ohio. Therefore, none of the Defendants are corporate citizens of Ohio and complete diversity exists between Plaintiff, Plaintiff's decedent, and Defendants.

Accordingly, complete diversity of citizenship exists among the parties.

### III. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

#### A. Timeliness of Removal

On March 6, 2017, Plaintiff filed his Complaint (**Ex. A** (see time stamp)), which Defendants received on or about March 8, 2017.  Defendants' Notice of Removal is timely filed within thirty (30) days from the date of service of Plaintiff's Complaint, and within one (1) year from the date this action was filed on March 6, 2017. *See* 28 U.S.C. § 1446(b).

#### B. Venue is Proper

Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Ohio is the district court embracing the Ohio county (Darke) in which the removed action was pending.  *See* S.D. L.R. 82.1(b).

#### C. Notice

Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this notice on Plaintiff.  Defendants will also file a copy of all additional papers in the state court record, if any, with this Court. By filing this Notice of Removal, Defendants do not waive, and hereby reserve, their right to assert any and all objections and defenses to Plaintiff's Complaint.

### **CONCLUSION**

The Court has original subject matter jurisdiction over this action based on diversity jurisdiction, 28 U.S.C. § 1332, and Defendants respectfully remove this action from the Common Pleas Court of Darke County, Ohio, to this Court under 28 U.S.C. § 1441.

| | |
|---|---|
| Dated:  April 3, 2017 | JAFFE RAITT HEUER & WEISS, P.C. |

                                                                       By:	/s/Scott R. Torpey (0081561)
                                                                              Scott R. Torpey
*Attorneys for Defendants*
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248-351-3000
248-351-3082 (Fax)
storpey@jaffelaw.com

### CERTIFICATE OF SERVICE

      Scott R. Torpey certifies that he is an employee of Jaffe Raitt Heuer & Weiss, P.C. and that on April 3, 2017 he caused to be served the Notice of Removal on the person(s) listed below by placing said document(s) in a sealed envelope (if applicable), properly addressed, and forwarding same by the method(s) indicated.

| **Via First Class Mail and Electronic Mail**: | **Via First Class Mail**: |
|---|---|
| Konrad Kuczak<br>130 West Second Street, Suite 1010<br>Dayton, OH  45402-1588 | Clerk of the Court<br>Darke County Common Pleas Court<br>504 S. Broadway, 2nd Floor<br>Greenville, OH  45331 |

                                                                    /s/ Scott R. Torpey
                                                                    Scott R. Torpey