UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
DAYTON, OHIO

| | |
|---|---|
| **PETER H. HEINS, (INDIVIDUALLY),** and **PETER H. HEINS, ADMINISTRATOR** Of the Estate of Clayton Michael Heins, <br><br> Plaintiff, <br><br> v. <br><br> **COMMERCE AND INDUSTRY INSURANCE COMPANY, AIG AEROSPACE INSURANCE SERVICES, Inc.,** and **AIG AEROSPACE ADJUSTMENT SERVICES, INC.,** <br><br> Defendants. | Case No. 3:17-cv-00110 <br><br> Hon. Walter H. Rice <br><br> Magistrate Michael Merz |

| | |
|---|---|
| Konrad Kuczak (0011186) <br> Trial Attorney for Plaintiff <br> 130 West Second Street, Suite 1010 <br> Dayton, OH  45402-1588 <br> (937) 228-8363 <br> (937) 228-0520 (Fax) <br> Emailyour_lawyer@sbcglobal.net | JAFFE RAITT HEUER & WEISS, P.C. <br> By:  Scott R. Torpey (0081561) <br>        Justin M. Schmidt (*pro hac vice*) <br> Attorneys for Defendants <br> 27777 Franklin Road, Suite 2500 <br> Southfield, MI 48034 <br> (248) 351-3000 <br> (248) 351-3082 (Fax) <br> storpey@jaffelaw.com <br> jschmidt@jaffelaw.com |

## **STIPULATED PROTECTIVE ORDER FOR THE EXCHANGE OF CONFIDENTIAL INFORMATION AND FOR CLAWBACK OF PRIVILEGED OR PROTECTED INFORMATION**

WHEREAS, the parties hereto having agreed to the entry of a Stipulated Protective Order as evidenced by the signatures of their respective counsel appended hereto and the Court having approved such Stipulated Protective Order, IT IS HEREBY ORDERED:

1. Any and all documents containing information not generally known to the public or proprietary and confidential to one or more of the parties may be designated "Confidential

Information" or "Proprietary Information" (hereinafter referred to only as "Confidential Information"). Any deposition testimony regarding the same shall also be protected and subject to this Order.

2. Confidential Information is to be used only for purposes of this litigation and for no other purpose. Confidential Information and information within the same will not be made available or known to any person except the parties, attorneys of record, their support staff and expert witnesses or consultants.

3. The parties will identify records or information subject to this Protective Order by clearly designating the same as Confidential Information.

4. This Protective Order does not prevent the parties from using Confidential Information during any deposition or court proceeding, and use of Confidential Information during any deposition or court proceeding shall not result in the waiver or deprivation of the confidentiality of such Confidential Information.

5. Experts or consultants and their respective staffs whose advice and consultation are being or will be used in connection with preparation for trial or trial of this case may have access to Confidential Information. Each such expert or consultant shall be bound by and given a copy of this Order, and shall be subject to the jurisdiction of this Court for proceedings related to this Order.

6. At the conclusion of this litigation, by judgment or otherwise, all Confidential Information shall be returned to the party producing the same along with all copies thereof unless the producing party directs otherwise in writing.

7. Any party may designate any or all portions of depositions taken pursuant to this litigation, interrogatory answers or other discovery responses as Confidential Information,

3749161

pursuant to Paragraph 1. The use and disclosure of such designated portions shall be governed by the same rules that govern the use or disclosure of Confidential Information.

8. The Court, upon a showing of good cause, may order the removal of the Confidential Information designation. The court may also expand the definition of Confidential Information.

9. If a party wishes to file any pleading or document which contains Confidential Information with the Court for any purpose, the party shall file it in accordance with this Court's procedures for filing such Confidential Information under seal, including but not limited to this Court's Administrative Practices and Procedures for Electronic Case Filing.

10. If any Confidential Information is used in any proceeding in this case, it shall not lose its confidential status through such use and the parties shall take all steps reasonably required to protect such Confidentiality against misuse or disclosure.

11. This Order shall survive the final termination of this case with respect to any Confidential Information.

12. Nothing in this Order shall prevent any party from applying to the Court for a modification of this Order should the moving party have good cause to believe that this Order, as originally entered, is hampering its efforts to prepare for trial, and nothing in this Order shall prevent any party from applying to this Court for further or additional protective orders or from entering into an agreement between the parties to any modification of this Order.

13. Nothing in this Order shall require a party to produce privileged information or shall constitute a waiver of any privilege.

14. The following "clawback" provisions are applicable to the production of privileged or protected information:

a. **No Waiver by Disclosure.** This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

b. **Notification Requirements; Best Efforts of Receiving Party.** A Disclosing Party must promptly notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c)—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. Within five business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged. [For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored protected information.]

c. **Contesting Claim of Privilege or Work Product Protection.** If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within five business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

d. **Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c).

e. **Attorney's Ethical Responsibilities.** Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing

4

materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

f. **Burden of Proving Privilege or Work-Product Protection.** The Disclosing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the Protected Information.

g. **In camera Review.** Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information, and such request shall not be withheld by either party absent a showing of good cause for doing so.

h. **Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

i. **Rule 502(b)(2).** The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**SO ORDERED.**

Date: 5-4-17

_____
United States District Judge

I stipulate to entry of the above order.
Notice and hearing upon entry are waived:

/s/ Konrad Kuczak (w/ permission)
By:    Konrad Kuczak (0011186)
*Attorney for Plaintiff*
130 West Second Street, Suite 1010
Dayton, OH 45402-1588
(937) 228-8363
(937) 228-0520 (Fax)
Your_lawyer@sbcglobal.net

/s/ Scott R. Torpey
Scott R. Torpey (0081561)
Justin M. Schmidt (admitted *pro hac vice*)
JAFFE, RAITT, HEUER & WEISS, P.C.
*Attorneys for Defendants*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
(248) 351-3000
storpey@jaffelaw.com
jschmidt@jaffelaw.com

Date: May 2, 2017

3749161