IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PETER H. HEINS, *et al.*, ,

    Plaintiffs,

v.

COMMERCE & INDUS. INS. CO., *et al.*,

    Defendant.

Case No. 3:17-cv-110

JUDGE WALTER H. RICE

MAGISTRATE JUDGE SHARON L. OVINGTON

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #30), AND SUSTAINING OBJECTIONS THERETO OF DEFENDANTS COMMERCE AND INDUSTRY INSURANCE COMPANY AND AIG AEROSPACE INSURANCE SERVICES, INC. (DOC. #32); OVERRULING MOTION TO REMAND TO STATE COURT OF PLAINTIFFS PETER H. HEINS, INDIVIDUALLY AND AS ADMINISTRATOR OF ESTATE OF CLAYTON MICHAEL HEINS (DOC. #7); SUSTAINING DEFENDANTS' MOTION TO STRKE PLAINTIFFS' SUR-REPLY (DOC. #36); CONFERENCE CALL SET TO AGREE UPON A NEW SCHEDULING ORDER FORTHWITH

---

Plaintiffs Peter H. Heins ("Peter"), individually and as the Administrator of the Estate of Clayton Michael Heins ("Clayton") (collectively "Plaintiffs"), filed a lawsuit in the Darke County, Ohio, Court of Common Pleas ("State Court") against Defendants Commerce and Industry Company ("Commerce") and AIG Aerospace Adjustment Services, Inc. ("AIG") (collectively "Defendants") arising out of Defendants' denial of coverage and alleged breach of duty to defend a separate, wrongful death lawsuit in

State Court. Doc. #3. Defendants removed the case to this Court based on diversity jurisdiction. Doc. #1. However, Plaintiffs filed a Motion to Remand to State Court ("Motion to Remand"), arguing that the captioned cause is actually a declaratory judgment action, since they are seeking to compel Defendants to defend and indemnify them in the wrongful death suit. Thus, they argued, under the Declaratory Judgment Act, the Court's exercising of jurisdiction was discretionary and, for several reasons, that jurisdiction should not be exercised. Doc. #7. On October 24, 2017, Magistrate Judge Sharon L. Ovington issued a Report and Recommendations, concluding that the entire lawsuit was, in essence, a declaratory judgment action, and that the State Court was better suited to handle the dispute, as Ohio law controlled. Therefore, the Magistrate Judge recommended that this Court decline to exercise its jurisdiction, and remand the captioned cause to the State Court. Doc. #30, PAGEID #306.

Defendants filed timely Objections to the Report and Recommendations, Doc. #32, to which Plaintiffs filed a Response. Doc. #33. During a November 13, 2017, telephonic conference with the Court, Defendants requested leave to file a reply brief in support of their Objections. The Court sustained that request, and Defendants filed their reply memorandum on November 20, 2017. On November 22, 2017, Plaintiffs filed a Memorandum Rebutting an Allegation in Defendants' Reply, Doc. #35, and on that same day, Defendants moved to strike Plaintiffs' Memorandum, arguing that Plaintiffs' Memorandum was a sur-reply that should be struck as improperly filed. Doc. #36.

For the reasons set forth below, the Court SUSTAINS Defendants' Motion to Strike, REJECTS the Report and Recommendations of the Magistrate Judge,

SUSTAINS Defendants' Objections thereto, and, therefore, OVERRULES Plaintiffs' Motion to Remand.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Peter was the registered owner of a 1947 Piper PA-11 Aircraft, U.S. Registration No. N4910M ("the Aircraft"), which was ensured by Commerce pursuant to policy No. LP006364456-01 ("the Policy"). Doc. #3, ¶¶ 3, 5, PAGEID #69. The policy obligated Commerce to both defend and indemnify Peter in the case of any suit or claim within the Policy's purview. *Id.*, ¶ 5. On September 14, 2016, Peter's son, Clayton Michael Heins ("Clayton") flew the Aircraft, allegedly without Peter's knowledge or consent, with a Jacob Andrew Turner ("Turner") as passenger. *Id.*, ¶ 6. Clayton, who only possessed a student pilot license, crashed the Aircraft, and the crash resulted in the deaths of Clayton and Turner. *Id.* On September 22, 2016, counsel for Peter wrote to AIG, requesting that AIG provide him "with a defense to any and all claims which might be asserted by the next of kin, survivors, or estate of Mr. Jake Turner as required by Part One, ¶ 5 of The Policy[,] and for the agreed value of The Aircraft as required by Part One, ¶ 3 of The Aircraft [*sic*]." *Id.*, ¶ 7. That same day, AIG informed Peter that a claim file "has been so established under a Reservation of Rights to fully investigate all of the circumstances surrounding this matter without prejudice to the policy for insurance coverage." *Id.*, ¶ 9, PAGEID #70.

On January 3, 2017, the Administratrix of Turner's estate, filed the wrongful death lawsuit in State Court, naming as defendants Peter individually and the administrator of Clayton's estate ("Turner case" or "wrongful death lawsuit"). In Count

3

Six, the administratrix alleged that Peter negligently entrusted the Aircraft to Clayton, and that negligent entrustment "directly and proximately caused The Aircraft to crash[,] causing the death of Jacob Andrew Turner." Doc. #3, ¶ 10, PAGEID #70. On January 24, 2017, AIG informed Peter that it would defend him as to Count Six only, *id.*, ¶ 12, and on February 21, 2017, counsel retained by AIG on Peter's behalf answered the wrongful complaint, contesting the negligent entrustment allegations. *Id.*, ¶ 13, PAGEID #71. However, the next day, AIG notified Peter that it: (a) was rejecting his claim to be paid the market value of The Aircraft; and (b) would no longer defend Peter in the wrongful death action. *Id.*, ¶ 14.

On March 6, 2017, Plaintiffs filed suit against Defendants in State Court, asking for "a permanent injunction requiring [Defendants] to provide [Peter] with a defense to the claims asserted against him in the SIXTH cause of action" in the wrongful death lawsuit. Doc. #3, PAGEID #73 (emphasis in original). He also prayed for Defendants to indemnify him and pay all claims, up to the policy limit, and for money damages arising out of the property damage to the Aircraft. *Id.* Despite the relief sought, the lawsuit was not framed as a declaratory judgment. Rather, Plaintiffs alleged that Defendants breached their contractual duty to defend (Claim Three) and raised equitable claims of waiver (Claim One), estoppel (Claims One and Four) and bad faith (Claims Two, Four, Five and Six). *Id.*, ¶¶ 15-27, PAGEID #71-73.

As Plaintiffs are both citizens of Ohio, and Defendants Commerce and AIG are citizens of New York and Illinois, respectively, Doc. #3, PAGEID #68, and Plaintiffs demanded more than $75,000 in their prayer for relief, *id.*, PAGEID #73-74, Defendants properly removed the case to this Court on April 3, 2017, pursuant to the Court's

4

diversity jurisdiction. Doc. #1; 28 U.S.C. § 1332. On April 7, 2017, Plaintiffs filed a Motion to Remand, claiming that the instant case "is essentially a declaratory judgment action seeking a declaration" as to Defendants' duties to defend and indemnify Peter in the wrongful death lawsuit, Doc. #7, PAGEID #133, and that Plaintiffs' "[c]laims for injunctive relief and for damages for bad faith are dependent upon the rights which are sought to be determined in this action." *Id*. Plaintiffs note that the District Courts within the Sixth Circuit use five factors to determine whether they should exercise jurisdiction under the Declaratory Judgment Act, *id*., PAGEID #133-34 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942); *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)), and argue that those factors weigh heavily in favor of this Court declining to exercise such jurisdiction and remanding the captioned cause to the State Court. *Id*., PAGEID #134-36. Further, Plaintiffs claim that their prayers for injunctive relief and money damages are implicated only if their prayer for declaratory relief is denied. *Id*., PAGEID #136. Thus, they argue, the fact that other relief is sought does not trigger the Court's mandatory diversity jurisdiction, and remand is still appropriate. *Id*.

On October 24, 2017, Magistrate Judge Sharon L. Ovington issued a Report and Recommendations, in which she concluded that "a merits determination concerning most of Plaintiff[s'] claims will depend upon the rights and duties of the parties under the [A]ircraft insurance [P]olicy. . . . This is declaratory-judgment stuff, even though Plaintiff[s] did not specifically call it that in [their] Complaint." Doc. #30, PAGEID #294 (citing *Mid-Con. Ins. Co. v. Coder*, No. 13-3573, 563 F. App'x 422, 423 (6th Cir. 2014)). Further, the Magistrate Judge found persuasive Plaintiffs' argument that the core issue

in the instant case and in the wrongful death lawsuit is the same—"whether [Peter's] son and Jacob Turner were involved in a theft offense at the time of the airplane crash[,]" *id.*, PAGEID #295, and that while "[d]eclaratory judgment in the present case would settle the insurance-coverage controversies between [Peter] and Defendants and would clarify their legal relations[,] . . . so would a remand of this case to state court." Doc. #30, PAGEID #298. These commonalities, the Magistrate Judge reasoned, weighed in favor of the captioned cause proceeding on the same track and in front of the same judge. *Id.*, PAGEID #298-99. Moreover, the Magistrate Judge concluded, remand to State Court would avoid inconsistent decisions on matters of Ohio state law, which controls in both cases, *id.*, PAGEID #300-01, and because Ohio's declaratory judgment statute empowers the State Court to issue the declaratory relief sought by Plaintiffs, Sixth Circuit precedent weighs in favor of remand. *Id.*, PAGEID #301-02 (citing Ohio Rev. Code § 2721.02; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 562 (6th Cir. 2008)). Finally, the Magistrate Judge agreed that Plaintiffs' prayers for injunctive relief and money damages are derivative of their prayer for declaratory relief, and thus, the Court's "virtually unflagging obligation" to exercise its diversity jurisdiction is not triggered. *Id.*, PAGEID #303-04, 305-06. In light of the above, the Magistrate Judge recommended that the captioned cause be remanded. *Id.*, PAGEID #306.

## II. LEGAL STANDARDS

### A. Report and Recommendations

The Court "must determine *de novo* any part of the [M]agistrate [J]udge's disposition that has been properly objected to. The [Court] may accept, reject, or

6

modify the recommended disposition; receive further evidence; or return the matter to the [M]agistrate [J]udge with instructions." Fed. R. Civ. P. 72(b)(3).

## B. Jurisdiction in Declaratory Judgment Action

The Declaratory Judgment Act vests discretion in District Courts to issue a declaratory judgment "[i]n a case of actual controversy within its jurisdiction[.]" 28 U.S.C. § 2201(a). Thus, if a case properly arises under a District Court's original jurisdiction, 28 U.S.C. § 1330 *et seq.*, then the Court <u>may</u>, but <u>need not</u>, issue declaratory relief. *See Adrian Energy Assocs. v. Michigan Pub. Serv. Comm'n*, 481 F.3d 414, 421 (6th Cir. 2007) (quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282, 115 S.Ct. 2137 (1995)) ("[D]istrict [C]ourts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."). As discussed above, the Sixth Circuit requires a District Court to consider five factors in determining whether to exercise its jurisdiction over a declaratory action:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Adrian*, 481 F.3d at 422 (quoting *Roumph*, 211 F.3d at 968).

However, District Courts have a "virtually unflagging requirement" to exercise jurisdiction over controversies properly before it, with only narrow exceptions such as:

7

declaratory judgments; *forum non conveniens*; and various abstention doctrines. *Gray v. Bush*, 628 F.3d 779, 784-85 (6th Cir. 2010) (citing *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)). As a general rule, "a federal court cannot . . . dismiss or remand an action when the relief sought is not discretionary[.]" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). Thus, even if these factors weigh in favor of remand, remand may still be improper if injunctive relief or money damages are also sought. *Gray*, 628 F.3d at 785.

## III. ANALYSIS

### A. Complaint is Declaratory Judgment Action

As discussed above, the Magistrate Judge concluded that Plaintiffs' Complaint is a declaratory judgment action due to the nature of the relief sought—an order requiring Defendants to defend and indemnify Peter against Claim Six in the wrongful death lawsuit, and if necessary, to settle that claim on his behalf. Doc. #30, PAGEID #294-95 (citations omitted). Defendants do not contest this characterization in their Objection, and the Court agrees with the Magistrate Judge's conclusion that the captioned cause is a declaratory judgment action.

### B. Remand is Improper under *Adrian*

#### 1. Factors One and Two

In the Report and Recommendations, the Magistrate Judge recommended that factors one and two (whether judgment would settle the controversy) weighed in favor of remand because of the overlap of the factual issues in the captioned cause and the

8

wrongful death lawsuit. Doc. #30, PAGEID #298. Specifically, the Magistrate Judge concluded that determination of whether Clayton and Turner used the Aircraft without Peter's authorization would resolve both: (a) the propriety of Defendants refusing to defend or indemnify Peter in the wrongful death lawsuit; and (b) Peter's liability for negligent entrustment in the wrongful death lawsuit. *Id.*, PAGEID #298-99. Defendants argue that there is no provision in the Policy under which theft by Clayton and Turner could automatically render the otherwise valid coverage exclusions a nullity. Doc. #32, PAGEID #318 (citing Doc. #7, PAGEID #134-35). In other words, they claim, the central issue for the wrongful death lawsuit—whether Peter knew of or consented to Clayton piloting the Aircraft—is immaterial to the central issue in the instant case—whether the Policy's exclusions are sufficient for Defendants to decline coverage. *Id.* The Court agrees. Further, the Court observes, as did the Magistrate Judge, that "Defendant AIG Aerospace is not a party in the Turner case, [and] that there are no claims for insurance coverage in the Turner case[.]" Doc. #30, PAGEID #298. Therefore, as resolution of the declaratory judgment action would not resolve the core issues in the wrongful death lawsuit, Factors One and Two weigh against remand.

2.  **Factor Three**

While concluding that Factor Three was neutral as to whether remand is proper, the Magistrate Judge noted that "[t]here is no indication that Commerce and Industry Insurance engaged in procedural fencing or attempted to race [Peter] to a federal forum[,] by removing the case to this Court after it was filed in state court while the Turner case was pending." Doc #30, PAGEID #299 (citing *Travelers Indem. Co. v.*

<sub>9</sub>

*Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 272 (6th Cir. 2007)). The Court agrees that there was no bad faith on the part of Defendants in removing the case; consequently, Factor Three does not weigh in favor of remand.

### 3. Factor Four

The Magistrate Judge concluded that, because only Ohio law was at issue at the time the Motion to Remand was filed, "[t]he fourth factor weighs heavily against exercising discretionary declaratory judgment jurisdiction due to the high potential for federal/state-court friction and federal encroachment into an issue central to the Turner case." Doc. #30, PAGEID #300. However, subsequent to filing the Motion to Remand, Plaintiffs' retained expert, Kurt Yearout ("Yearout"), put federal aviation regulations at issue in his expert report and deposition testimony. Doc. #32, PAGEID #317 (citing Doc. #32-2; Doc. #32-3, PAGEID #331-34).[1] In light of Yearout's report and testimony, any concern about friction between federal and state courts, *Adrian*, 481 F.3d at 422, is outweighed by the fact that this Court is far better equipped than the State Court to address the impact of federal regulations on the propriety of Defendants' refusal to defend and indemnify Peter in the wrongful death lawsuit. Thus, Factor Four weighs heavily against remand.

---

[1] Defendants did not properly authenticate the expert report or deposition excerpt. Fed. R. Evid. 901. Nonetheless, Plaintiffs did not object to the authenticity of the documents in their reply memorandum. Doc. #33. Moreover, the Court is not weighing the merits or truth of Yearout's report or testimony. Rather, it is considering them as to Defendants' argument that Plaintiffs, through Yearout, have put those regulations at issue, which Plaintiffs do not dispute.

### 4. Factor Five

In the Report and Recommendations, the Magistrate Judge noted that "[n]either party has pointed to facts or law that would limit the power of the Ohio courts to issue a declaratory judgment under Ohio Rev. Code § 2721.02 in this case." Doc. #30, PAGEID #301. "Because of this," the Magistrate Judge concluded, "the fifth factor weighs against the discretionary exercise of jurisdiction to issue a federal declaratory judgment." *Id.*, PAGEID #301-02 (citing *Flowers*, 513 F.3d at 562). Defendants do not object to the Magistrate Judge's conclusion; yet, neither party argues that the relief that this Court is authorized to provide under the Declaratory Judgment Act would be inadequate. Thus, even if this factor weighs slightly in favor of remand, it is far outweighed by Factors One through Four, all of which weigh in favor of maintaining jurisdiction.

### 5. Conclusion

Application of the factors set forth in *Adrian* weigh against remanding the captioned cause to the State Court, and this Court declines to do so. Thus, the Court need not address Defendants' alternative argument that, if the Court must retain jurisdiction over Plaintiffs' non-declaratory claims. Doc. #32, PAGEID #319-24.

### C. Motion to Strike

Rule 72 permits the filing of Objections to a Report and Recommendations, and a response thereto by the non-objecting party. Fed. R. Civ. P. 72(b)(2). If the objecting party wishes to file a reply brief, it must seek leave of court, as Defendants did in the

11

November 13, 2017, conference call. Neither the federal nor local rules contemplate the filing of any briefing beyond a reply brief absent leave of court, see S.D. Ohio L. Civ. R. 7.2(a)(2) ("[n]o additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown."), and Plaintiffs did not obtain such leave prior to filing their Memorandum Rebutting an Allegation in Defendants' Reply. Doc. #35. Thus, Defendants' Motion to Strike, Doc. #36, is sustained.[2]

## IV.  CONCLUSION

For the foregoing reasons, the Report and Recommendations of the United States Magistrate Judge, Doc. #30, are REJECTED. Plaintiffs' Motion to Remand, Doc. #7, is OVERRULED, and Defendants' Motion to Strike, Doc. #36, is SUSTAINED. Plaintiffs' claims against Defendants shall proceed in this Court. A new scheduling order will be issued following a telephonic status conference to be convened by the Court at 11:00 a.m. on Monday, January 29, 2018.

Date: January 22, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[2] Moreover, Plaintiffs' sur-reply pertained to whether Defendants had consented to stay the dates in the scheduling order only on the condition that Plaintiffs not use the stay as an argument in favor of remand. Doc. #35, PAGEID #361 (citing Doc. #34, PAGEID #352). The length of the stay and the length of time the captioned cause has been pending were not considered by the Court in the above decision.